### DR. A. J. STOVALL v. THE STATE.

*No. 1093.    Decided March 24th, 1897.*

**1. Local Option—Illegal Prescription by Physician—Indictment.**

An indictment under Art. 405, Penal Code, against a physician for illegally giving a prescription to be used in obtaining intoxicating liquor in a local option county, etc., is fatally defective, which does not allege, that the party to whom the prescription was given was not actually sick, and without a personal examination of such person.

**2. Same—Construction of Statute—Charge.**

The proper construction of Penal Code, Article 405, is, that, if a person applies to a physician and represents to him that he is sick, and the physician shall give him a thorough examination and is in good faith satisfied that the party is sick and requires a stimulant, and accordingly gives him a prescription, he is not guilty of violating the law, though the party was not in fact actually sick; and, the question of good faith on the part of the physician in giving the prescription is a question of fact to be submitted to the jury under a proper charge.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for unlawfully giving a prescription, as a physician, in violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

No statement necessary. Defendant made a motion in arrest of judgment because of the insufficiency of the information, which was overruled.

*Craddock & Looney,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

37th Tex. Crim. Rep.— 22.

HENDERSON, JUDGE.—Appellant was convicted under Art. 405 of the Penal Code of 1895 for violating the local option law, and prosecutes this appeal. The charging part of the information is as follows: "Defendant did then and there illegally give to Bill Barnes a prescription to be used in obtaining intoxicating liquor, to-wit: whiskey, in said county, and at said time the said Bill Barnes was not actually sick"—and then contains the allegations showing that local option was in effect in said county. The question raised on this indictment by appellant is that the indictment should not only have charged that Barnes was not actually sick, but should have also charged that appellant made no personal examination of him. The statute on this subject reads as follows: "If any physician should give a prescription to be used in obtaining any intoxicating liquor in such county, justice precinct, city or town, to any one who is not actually sick, and without a personal examination of such person, he shall be punished by a fine," etc. See Art. 405, Penal Code, 1895. We think the intent of the legislature to be gathered from this statute was to require a physician, in giving a prescription to obtain intoxicating liquor, to only give such prescription to one who is sick, and to assure himself of this fact by a personal examination of the patient. This view is strengthened by reference to Article 403, which requires that the party giving such prescription be a regular, practicing physician, and certify on his honor that he has personally examined the applicant, and that he finds him to be actually sick and in need of the stimulant prescribed as a medicine. The offense, as defined, is that the physician must give a prescription to one who is not actually sick, and without having personally examined such person. We hold, under the peculiar phraseology of this statute, that the indictment, in order to be good, should charge that the prescription was given to one who was not actually sick, and without a personal examination of such person. Appellant asked the court to charge the jury as follows: "If you believe from the evidence that Bill Barnes represented to the defendant that he was not feeling well, and in need of whiskey as a medicine, and if you believe that defendant gave Barnes a personal examination, and, from such examination and what Barnes told him, he believed that Barnes was actually sick and in need of whiskey, he would not be guilty, even though Barnes may not have been sick." The court refused to give this charge, and did not give any other charge that presented this feature of the case. The evidence shows, or tends to show, a personal examination of Barnes by the physician, and there is some testimony tending to show that he was sick; and, on the contrary, it is apparent that he was not very sick—at least, not ill enough to be confined. The statute, in terms, authorizes a physician to give a prescription for whiskey to one actually sick. If we apply it literally, then, no matter with what good faith a physician may give a whiskey prescription, believing at the time that the party is sick, such belief would constitute no defense; but we are not willing to give the statute this "hidebound" construction. We believe, in such a matter, that if a person applies to a phy-

sician, and represents to him that he is sick, and the physician shall give him a thorough personal examination, and is, in good faith, satisfied that the party is sick and requires a stimulant, and accordingly makes a prescription, he is not guilty of violating this statute; and that in any case where there are circumstances tending to show sickness, and a prescription of whiskey in good faith given by a physician after a personal examination, it should be left to the jury, under a proper charge, to find whether or not, in fact, the physician gave the prescription in good faith, believing at the time that such person was sick. Any other construction would place the vast body of the medical profession on their peril in giving a prescription of whiskey in a case of sickness; for if the jury should disagree with him, and should find that in fact the person was not actually sick at the time, the physician would be guilty, no matter how careful he may have been in diagnosing the case, and no matter how sincerely he may have believed that the person was sick. We believe in this case that the court should have submitted the requested charge to the jury. The indictment in this case being defective, the judgment of the lower court is reversed, and the cause ordered dismissed.

*Reversed and Ordered Dismissed.*